OPINION
{¶ 1} Defendant-appellant Sheila Donita Ray appeals from her conviction and sentence upon two counts of Forgery, following a no-contest plea. Ray contends that the trial court erred by denying her motion to dismiss, pursuant to R.C. 2941.401. Although Ray was not brought to trial within 180 days after she caused delivery of written notice of the place of her imprisonment and a request for a final disposition, we conclude that the trial court did not err in finding that this time was tolled while Ray was incarcerated in the Ohio Reformatory for Women as a result of other criminal charges, and the State exercised reasonable diligence in attempting to secure her attendance in this case. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} The following facts were found by the trial court, and the record supports these findings:
 {¶ 3} "On March 18, 2003 the Ohio Reformatory for Women provided a Notice to the Prosecuting Attorney pursuant to [R.C.] Section 2941.401 of the Defendant's request for early disposition. This included a cover letter that was dated March 25, 2003 and a Notice of Untried Indictment and Right To Request Disposition signed by the Defendant on March 20, 2003.
 {¶ 4} "The Defendant was indicted by the Greene County Grand Jury on April 11, 2003. In apparent response to the request of the Defendant, an Order to Convey the Defendant to appear before this Court for an arraignment was filed on April 15, 2003. The Writ was received by the Greene County Sheriff's Department on April 16, 2003 and a No Convey Order was filed with the Court on May 1, 2003 indicating that on April 30, 2003 the Sheriff's Department was unable to convey the Defendant to the Greene County Common Pleas Court for the reason that the `subject out to another county — unable to convey.'
 {¶ 5} "On August 7, 2003 the Court signed a second Order to Convey the Defendant to the Court for the purpose of arraigning the Defendant. The Greene County Sheriff's Department received the Order on August 8, 2003 and on August 18, 2003 was unable to convey the named Defendant to the Greene County jail for the reason of `out to another Court.' This was filed August 19, 2003.
 {¶ 6} "A third time an Order to Convey was sent to the Ohio State Reformatory for Women requesting the Defendant to be brought to Greene County to commence the proceedings on October 10, 2003. This time the Defendant was served on October 22, 2003 and brought before the Court and was arraigned on that same day. At that time a pretrial was scheduled for November 7, 2003 and a trial was set for December 29, 2003.
 {¶ 7} "It is the position of the Defendant that there is no justification for the delay of over 180 days from the date she asserted her rights under O.R.C. Section 2941.404 until the date the matter was scheduled for trial.
 {¶ 8} "The Court specifically finds, however, that the factors set forth in O.R.C. Section 2945.72 for tolling time are equally applicable to O.R.C. Section 2941.401. State v. Pesci,
11th Appellate District, Case No: 2001-L-026 (December 20, 2002),State v. Smith, 3rd Appellate District, Case No: 5-2000-15 (September 29, 2000) and State v. Nero, 4th District Court of Appeals, Case No: 1392, 1990 Ohio App. Lexis 1383 (April 4, 1990).
 {¶ 9} "O.R.C. Section 2945.72 reads in pertinent part:
 {¶ 10} "`The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 11} "[`](A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of [the pendency] of extradition proceedings, provided that the [p]rosecution exercises reasonable diligence to secure his availability.[']
 {¶ 12} "The Court specifically finds that the State has exercised reasonable diligence to secure the availability of the Defendant. Less than one month after the Prosecutor was notified of the Defendant's request under O.R.C. Section 2941.401 the State indicted the Defendant and then reasonably thereafter requested that the Defendant be conveyed from the Ohio State Reformatory for Women to commence the prosecution in Greene County.
 {¶ 13} "Further and equally important the Court finds that O.R.C. Section 2945.72(A) directly applies in this case because the accused was unavailable for a hearing by reason of other criminal proceedings against her. This is manifested by the fact that despite efforts to bring the Defendant to prosecution in Greene County she was unavailable on two specific occasions because she was involved in other criminal proceedings against her in other counties.
 {¶ 14} "Thus, this Court determines that the time between May 1, 2003 when the Defendant was first unavailable for proceedings against her by reason of other criminal charges until October 22, 2003 when the Defendant was actually brought to court and arraigned is tolled.
 {¶ 15} "Therefore, between March 18, 2003 and May 1, 2003, 43 days are counted and between October 22, 2003 and the setting of the trial on December 29, 2003, 68 days are counted for a total of 111 days. This is clearly within the 180 day time requirement of O.R.C. Section 2941.041.
 {¶ 16} "It is the Order of the Court that Defendant's Motion to Dismiss is not well taken and is OVERRULED.
 {¶ 17} "The Court further finds that due to the Motion filed by the Defendant on December 29, 2003 that the Defendant's right for speedy trial under both O.R.C. Section 2945.71 and O.R.C. Section 2941.041 have been tolled until the trial is rescheduled. The Court orders that trial be set for the 22nd day of March, 2004 at 8:30 a.m."
 {¶ 18} It appears that Ray's trial did not commence on March 22, 2004, and that, by entry dated March 30, 2004, the trial court reassigned a trial date of June 7, 2004. Ray subsequently moved to dismiss the charges, contending that this continuance of the trial date violated her statutory speedy trial rights. The trial court denied this motion by entry filed June 3, 2004. No error is assigned with respect to this ruling.
 {¶ 19} On June 8, 2004, Ray pled no contest to both Forgery counts, was found guilty, and was sentenced accordingly. From her conviction and sentence, Ray appeals.
 II {¶ 20} Ray's sole assignment of error is as follows:
 {¶ 21} "The trial court erred in failing to dismiss the charges against appellant as a result of a speedy trial violation."
 {¶ 22} R.C. 2941.401 provides, in pertinent part, as follows:
 {¶ 23} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecution attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance
 {¶ 24} ". . . .
 {¶ 25} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
 {¶ 26} A threshold issue is presented by the fact that when Ray initially requested early disposition of the charges against her, which she appears to have done on or about March 18, 2003, the indictment that formed the basis for this conviction had not yet been returned. That indictment was returned by the grand jury on April 11, 2003. However, the forgery offenses forming the basis for the indictment appear to have been the subject of an earlier complaint that had been filed against Ray, no doubt prompting her to request early disposition of the charges.
 {¶ 27} By entry dated March 18, 2005, we asked the parties to file supplemental briefs addressing the issue of: "Whether the speedy trial requirements of R.C. 2941.401 apply to the felony charges alleged in the untried indictment in the matter in which Defendant-Appellant Ray invoked her R.C. 2941.401 speedy trial rights, when the indictment had not been filed and was not pending when Ray's R.C. 2941.401 notice was served on the court and the prosecutor?" Both parties have now responded. Ray takes the position that the pendency of the earlier forgery complaint, covering the same offenses that were the subject of the later indictment, rendered the provisions of R.C. 2941.401 applicable to her, so that her request for early disposition of the charges against her was effective. The State, in its response, appears to concede, or at least not to contest, this issue.
 {¶ 28} Although this issue is not free from difficulty, we will assume, for purposes of this appeal, that Ray's request for early disposition, which she made after the earlier complaint alleging the same forgery offenses, was effective with respect to the prosecution of the subsequent indictment charging her with those offenses.
 {¶ 29} As the trial court noted in its decision denying Ray's motion to dismiss, it was held in State v. Pesci (December 20, 2002), Lake App. No. 2001-L-026, that the factors set forth in R.C. 2945.72, including, specifically, periods of time during which an accused is unavailable for hearing or trial, by reason of other criminal proceedings against her, provided that the prosecution exercises reasonable diligence to secure her availability, apply equally to the tolling of the speedy trial time prescribed by R.C. 2941.401. Although the issue is not free from difficulty, we agree with the 11th District Court of Appeals. If these periods of time were not tolled, an accused incarcerated upon other charges could demand to be brought to trial within 180 days, insist upon representing herself, without an attorney, and it might be virtually impossible to secure her attendance for arraignment or trial within time, despite diligent efforts by the prosecution. Nor could a continuance be granted for good cause shown in open court with the prisoner or her attorney present, because the prisoner's attendance could not be secured, and she has insisted upon her right to represent herself.
 {¶ 30} In our view, application of the tolling provision of R.C. 2945.72(A) to the speedy trial time prescribed by R.C.2941.401 is a sensible result, which we approve and adopt.
 {¶ 31} In our view, the record supports the trial court's finding that the prosecution made diligent efforts to secure Ray's appearance for arraignment and for trial. Therefore, we agree with the trial court's computation of time tolled for purposes of the R.C. 2941.401 speedy trial requirements. Accordingly, we find no error in the trial court's decision to deny Ray's December 29, 2003 motion to dismiss the charges against her.
 {¶ 32} Ray's sole assignment of error is overruled.
 III {¶ 33} Ray's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Donovan, J., concurs.