OPINION
{¶ 1} Defendant-appellant, Shawn M. Murphy, appeals a decision of the Clinton County Court of Common Pleas overruling his motion to dismiss the rape charges against him. We affirm the decision of the trial court.
 {¶ 2} On June 24, 2004, appellant was indicted on two counts of rape of a child under age ten in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree carrying life sentences. See R.C. 2907.02(B). At the time of the indictment, appellant was already incarcerated at the Chillicothe Correctional Institution (CCI) and a detainer was placed on *Page 2 
appellant at CCI on November 15, 2004. Appellant then sent notices of his place of detention and requests for disposition of untried indictments, which were received by the Clinton County Prosecutor and the Clinton County common pleas court on December 3, 2004.
 {¶ 3} Appellant was arraigned on December 15, 2004. A pretrial hearing was conducted and a jury trial was set for April 25, 2005. Appellant's counsel filed a motion for a bill of particulars on February 16, 2005. Appellant's counsel then filed a motion to withdraw on February 25, 2005. The trial court denied the motion to withdraw in a decision rendered on March 17, 2005.
 {¶ 4} On March 24, 2005, appellant filed a pro se motion to dismiss. Appellant's counsel again sought to withdraw on March 29, 2005. The trial court continued the jury trial and set a hearing on counsel's motion for April 18, 2005. Following the hearing, counsel's motion to withdraw was again denied.
 {¶ 5} On June 22, 2005, appellant filed another pro se motion to dismiss. Appellant's counsel filed a motion for exculpatory evidence on June 24, 2005. A hearing was held on July 19, 2005 and appellant's motion to dismiss was stricken as improperly filed. Appellant then filed a pro se writ of prohibition on August 11, 2005 and the proceedings in the trial court were stayed. This court dismissed appellant's writ of prohibition in a decision rendered on October 6, 2005.
 {¶ 6} On October 31, 2005, appellant's counsel filed a motion to dismiss and a memorandum in support of the motion for exculpatory evidence. On November 23, 2005, the motion for exculpatory evidence was overruled. At a December 5, 2005 hearing, the trial court took the motion to dismiss under advisement and granted the parties until December 30, 2005 to respond. The motion to dismiss was overruled on February 6, 2006.
 {¶ 7} On February 10, 2006, appellant entered a no contest plea to amended *Page 3 
charges of rape in violation of R.C. 2907.02(A)(1)(b). The state nolle prosequied the specification that the victim was under age ten. The court accepted the plea and sentenced appellant to five years on each of the two counts, to run consecutively.[1] Appellant timely appealed, raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO DISMISS FOR FAILURE ON PART OF THE STATE TO BRING HIM TO TRIAL WITHIN 180 DAYS IN VIOLATION OF OHIO REVISED CODE SECTION 2941.401."
 {¶ 10} Appellant argues that the charges against him should have been dismissed because the state violated his statutory right to a speedy trial by failing to bring him to trial within the requisite time period under R.C. 2941.401.
 {¶ 11} Appellate review of speedy-trial issues involves a mixed question of law and fact. State v. High, 143 Ohio App.3d 232, 242,2001-Ohio-3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.
 {¶ 12} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229. Generally, when a person is charged with a felony, he must be brought to trial within 270 days after the date of his arrest. See R.C. 2945.71(C)(2). But when that person is already incarcerated and the pending charges are for crimes separate from those for which he is currently imprisoned, a different deadline may apply. R.C. 2941.401 provides, in pertinent *Page 4 
 {¶ 13} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance."
 {¶ 14} Thus, it is the incarcerated defendant who triggers the commencement of the 180-day speedy trial time under R.C. 2941.401. As stated, appellant's notice of his place of detention and request for disposition of untried indictments was received by the prosecutor and the common pleas court on December 3, 2004. The 180-day speedy trial time began to run on that date. See State v. Hairston,101 Ohio St.3d 308, 2004-Ohio-969, ¶ 26. The deadline was June 1, 2005.
 {¶ 15} Appellant's no contest plea was entered on February 10, 2006, which was 254 days after the 180-day limit. However, appellant filed various motions in the interim that effectively stalled the proceedings. A number of Ohio appellate courts have held that the tolling provisions of R.C. 2945.72 apply to the 180-day speedy trial time limit of R.C.2941.401. See, e.g., State v. Shepherd, Ashtabula App. No. 2003-A-0028,2006-Ohio-4315, ¶ 50; State v. Ray, Greene App. No. 2004-CA-64,2005-Ohio-2771, ¶ 30; State v. Roberts a.k.a. Brown, Wood App. No. WD-04-028, 2004-Ohio-5509, ¶ 11; State v. Nero (Apr. 4, 1990), Athens App. No. 1392, 1990 WL 42269, fn 1. Adopting this position, we observe that several of these statutory tolling events operated to extend the time within which the state had to bring appellant to trial. *Page 5 
 {¶ 16} Under R.C. 2945.72(E), any motion filed by the accused necessitating a period of delay tolls the speedy trial time. The time was tolled from February 16, 2005 to March 7, 2005 for 19 days when appellant filed a request for a bill of particulars. See State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 26. The time was tolled from March 24, 2005 to March 28, 2005 for four days when appellant filed his first pro se motion to dismiss. The time was also tolled from April 21, 2005 to June 14, 2005 for 54 days when appellant requested discovery in the form of a recorded interview. See id. At no time did appellant object to the state's responses to his discovery requests as untimely. See State v. Riley, Brown App. No. CA2004-09-021, 2005-Ohio-4337, ¶ 27.
 {¶ 17} The time was further tolled for 152 days from June 24, 2005 to November 23, 2005 when appellant filed a motion for exculpatory evidence. The time remained tolled for an additional 75 days from November 23, 2005 to February 6, 2006 due to appellant's motion to dismiss the case, which had been filed on October 31, 2005. Within this period, though it does not add any additional days, the time was tolled from August 11, 2005 to October 6, 2005 by appellant's writ of prohibition.
 {¶ 18} These tolling events add up to 304 days, which exceed the 254-day delay past the speedy trial deadline. Therefore, the delays occasioned by appellant's motions, when counted against him, bring the case within the 180-day speedy trial deadline.
 {¶ 19} Because we have determined that appellant's right to a speedy trial pursuant to R.C. 2941.401 was not violated, his first assignment of error is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED IN OVERRULING MURPHY'S MOTION FOR EXCULPATORY EVIDENCE."
 {¶ 22} Appellant maintains that the trial court improperly overruled his motion for exculpatory evidence. According to appellant, the state had access to the name and address *Page 6 
of a past perpetrator of sexual abuse upon the victim. Appellant claims that this person potentially perpetrated the crimes with which appellant was charged, and that this evidence would have at least created reasonable doubt as to appellant's guilt.
 {¶ 23} The granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court. State v.Craft, 149 Ohio App.3d 176, 2002-Ohio-4481, ¶ 10. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.
 {¶ 24} Typically, the prosecutor bears the duty of examining documents for potential exculpatory evidence. State v. Lawson (1992),64 Ohio St.3d 336, 343. The state has a duty to disclose evidence that is favorable to an accused where that evidence is material to guilt or punishment. See Brady v. Maryland (1963), 373 U.S. 83, 87,83 S.Ct. 1194. See, also, Crim.R. 16(B)(1)(f). Evidence is "material" only if there is a reasonable probability that the proceeding would have turned out differently had the evidence been disclosed to the defense.United States v. Bagley (1985), 473 U.S. 667, 682, 105 S.Ct. 3375. Failure to disclose such material evidence violates a defendant's right to due process. Brady at 87.
 {¶ 25} The trial court conducted an in camera review of the state's sealed case file and determined that the state had complied with its duty to provide notice of any exculpatory evidence. In overruling appellant's motion the trial court found that Ohio's rape-shield law, R.C. 2907.02(D),[2] prohibited the disclosure of any extrinsic evidence related to past sexual abuse of the victim. State v.Guthrie, 86 Ohio App.3d 465, 467. As the trial court concluded, the evidence sought by appellant was "for the limited purpose of establishing an alternative *Page 7 
source of knowledge of sexual functions[.]" In other words, the evidence was sought for impeachment purposes. This does not come within the exceptions of Ohio's rape-shield statute. See R.C. 2907.02(D) (permitting only "evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender").
 {¶ 26} Because we have determined that the trial court did not abuse its discretion in overruling appellant's motion for exculpatory evidence, his second assignment of error is overruled.
 {¶ 27} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The trial court made no reference to whether this sentence was to be served consecutive to or concurrent with appellant's sentence in the CCI. We also note that the trial court incorrectly identified the sentences imposed as nonmandatory. See R.C. 2929.13(F)
[2] R.C. 2907.02(D) provides: "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." *Page 1