OPINION
{¶ 1} Defendant-appellant, Christopher Slater, appeals his conviction from the Brown County Court of Common Pleas on speedy trial grounds.
 {¶ 2} Appellant asserts in his single assignment of error that the trial court erred to his prejudice when it denied his motion to dismiss his indictment after his speedy trial rights were violated.
 {¶ 3} Speedy trial issues involve mixed questions of law and fact, and a reviewing *Page 2 
court must give deference to those findings of fact if supported by competent and credible evidence but reviews de novo the application of law to those facts. State v. Murphy, Clinton App. No. CA2006-02-005,2007-Ohio-2068, ¶ 11.
 {¶ 4} Ohio recognizes both a constitutional and a statutory right to a speedy trial. Section 10, Article I of the Ohio Constitution; Sixth andFourteenth Amendments to the United States Constitution. Ohio enacted R.C. 2945.71 to 2945.73 to provide specific time requirements for the state to bring a defendant to trial, State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, and courts must strictly construe these statutes against the state. Brecksville v. Cook, 75 Ohio St.3d 53, 57,1996-Ohio-171.
 {¶ 5} According to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including in the count the actual date of his arrest. See, also, Crim. R. 45. R.C. 2945.71(E) provides that when a defendant is held in jail in lieu of bail on the pending charge, each day shall be counted as three days.
 {¶ 6} Appellant states that he was served with his indictment on May 25, 2006, and remained in jail on these charges until his trial was held on July 16, 2007. We have reviewed the record and find the following in our calculation of the days chargeable to either party.
 {¶ 7} Appellant filed a request for discovery and bill of particulars on June 12, 2006. Appellant's motion tolls the time within which he must be brought to trial, under R.C. 2945.72(E), which would stop the accrual of time at 18 days or 54 days from May 26 to June 12 under the triple-count provision. State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, syllabus. The record indicates that appellant also instituted time waivers in this case, including one at his June 13, 2006 pretrial.[1] Another entry filed on the July 5, 2006 pretrial *Page 3 
specifically waived time from the date of the entry until appellant's motion to suppress was decided. See State v. King, 70 Ohio St.3d 158,160, 1994-Ohio-412 (defendant's express written waiver of his statutory speedy trial rights, made knowingly and voluntarily, also constitutes a waiver of speedy trial under U.S. and Ohio Constitutions).
 {¶ 8} Appellant also filed a motion to dismiss. The motion filed by appellant would extend the time within which appellant must be brought to trial for any period of delay necessitated by reason of appellant's motion. See R.C. 2945.72(E); see State v. Bickerstaff (1984),10 Ohio St.3d 62, 67 (defendant's motion to dismiss tolls time while motion pending).
 {¶ 9} We note that the record indicates that appellant failed to provide reciprocal discovery in this case despite requests by the state for discovery when it provided discovery on June 29, 2006 and thereafter, and court orders for reciprocal discovery.
 {¶ 10} The Ohio Supreme Court in State v. Palmer, 112 Ohio St.3d 457,2007-Ohio-374, syllabus, stated that the failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D). The Palmer court stated that the tolling of the speedy trial time is not dependent on the filing of a motion to compel discovery by the state. Id., paragraph two of syllabus. The trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of the facts and circumstances of the case, including the time established by local rule, if applicable. Id., paragraph three of syllabus.
 {¶ 11} Time was waived in this case until appellant's motion to suppress was decided on May 24, 2007. However, the speedy trial time did not resume after the motion was ruled *Page 4 
upon because appellant was well beyond any reasonable time to provide reciprocal discovery based on requests from 2006. See Palmer. Given the time waivers and tolling provisions applicable to this case, 90 countable days had not elapsed by appellant's trial date.
 {¶ 12} We are mindful that appellant's contention is the time that elapsed between his filing of a motion to suppress evidence and the trial court's decision on the motion was unreasonable. Appellant specifically waived time for the motion to be decided, and did not withdraw the waiver. Having reviewed the specific circumstances presented on the record in this case, we do not find the elapsed time to be unreasonable. Further, applying the facts of to the factors set forth in Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, we do not find a constitutional violation of appellant's speedy trial rights. SeeBarker (consider whether the delay was uncommonly long, the reason for the delay, whether defendant asserted his right to speedy trial and whether prejudice resulted to the defendant).
 {¶ 13} The record indicates that appellant was brought to trial before the speedy-trial time had elapsed. Appellant was not denied this statutory and constitutional speedy trial rights. Appellant's single assignment of error is overruled.
 {¶ 14} Judgment affirmed.
BRESSLER and POWELL, JJ., concur.
[1] The entry for the first pretrial indicated that appellant was requesting a second pretrial, and in the same sentence it stated that appellant was waiving time to be brought to trial; however, the same entry indicated that time was "waived" under R.C. 2945.72(H), which is a tolling provision dealing with a defendant's request for a continuance. See State v. Blackburn, 118 Ohio St.3d 163, 2008-Ohio-1823 (speedy time waivers distinct from tolling provisions; waiver relinquishes right until withdrawn and statute may be tolled whether or not waiver executed). Since it is not clear, we will not interpret this entry as an unlimited waiver of time. *Page 1