[Cite as *State v. Taylor*, 2011-Ohio-1001.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 08 CO 36 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DAVID E. TAYLOR | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Columbiana County, Ohio
Case No. 2007 CR 202

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Robert Herron
Columbiana County Prosecutor
Atty. Tammie Riley Jones
Atty. Kyde L. Kelly
Assistant Prosecuting Attorneys
105 South Market Street
Lisbon, Ohio 44432

For Defendant-Appellant: Atty. Rhys B. Cartwright-Jones
42 North Phelps Street
Youngstown, Ohio 44503-1130

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 28, 2011

WAITE, P.J.

{1} Appellant David E. Taylor is challenging his conviction, following a jury trial, on one count of possession of cocaine on the basis of a speedy trial violation. Appellant was already in prison for another crime when he was indicted on the drug possession charge. On July 12, 2007, Appellant delivered a request for speedy disposition of untried indictments, pursuant to R.C. 2941.401, which then gave the state 180 days to try this case. Appellant contends that the case was not brought to trial within 180 days and that the verdict should be overturned. The record indicates that Appellant did not raise the speedy trial violation prior to trial and has waived the issue for appeal. Furthermore, the record contains a written waiver of speedy trial rights effective to June 18, 2008, and trial was actually held on June 18, 2008. Appellant's assignment of error is overruled and the judgment of the trial court as to both his conviction and sentencing is affirmed.

## History of the Case

{2} On June 28, 2007, Appellant was indicted in Columbiana County for possession of cocaine, a fifth degree felony pursuant to R.C. 2925.22(A). Appellant was incarcerated in Lorain, Ohio, when the indictment was issued. On July 12, 2007, Appellant filed a 180-day demand for trial pursuant to R.C. 2941.401. On September 28, 2007, Appellant filed a motion to suppress. The motion was overruled on March 27, 2008. On April 1, 2008, Appellant signed a written waiver of speedy trial rights that was valid until June 18, 2008. A jury trial was held on June 18-19, 2008. The jury convicted Appellant on the single count in the indictment. Sentencing took place

on August 29, 2008. During the sentencing hearing, Appellant mentioned that he thought he had "filed a plea for speedy trial, disposition." (8/29/08 Tr., p. 9.) The court did not respond to Appellant's comment and sentenced him to nine months in prison. The sentencing judgment entry was filed on August 29, 2008. Appellant filed a pro se notice of appeal on October 1, 2008, followed by a motion for delayed appeal, which we sustained on November 25, 2008. Appellant also filed a motion for stay of execution of sentence pending appeal, which this Court granted on February 4, 2009, on condition that Appellant post a $10,000 bond. No bond was posted. Appellant also filed a motion for limited remand to resolve a speedy trial issue. The state opposed the motion, arguing that there was no pending speedy trial issue, and the motion was overruled on May 28, 2009.

## ASSIGNMENT OF ERROR

{3} "The trial court erred in trying Mr. Taylor beyond his statutory speedy trial deadline."

{4} Appellant contends that a speedy trial violation occurred in this case and that the trial court should have dismissed the drug possession charge. An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In Ohio, the right to a speedy trial has been implemented by statutes that impose a duty on the state to bring a defendant who has not waived his rights to a speedy trial to trial within the time specified by the particular statute. R.C. 2945.71-73 contains the general speedy trial provisions. R.C. 2941.401 is a more specific speedy trial statute

that applies only to defendants who are already imprisoned for other crimes. The provisions of R.C. 2945.71-73 and R.C. 2941.401 are mandatory and are strictly enforced by the courts. *State v. Pachay* (1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589.

**{5}** An appellate court's review of a speedy trial claim is a mixed question of law and fact. *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007, ¶11, citing *State v. High* (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176. Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.

**{6}** Appellant was in prison when he was indicted on possession of cocaine. He argues that, because he was in prison when he was indicted, the applicable speedy trial statute in this case is R.C. 2941.401, which states:

**{7}** "*When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days* after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may

grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

{8} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

{9} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

{10} "* * *

{11} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice. * * *"

{12} It is evident from the record, and the state does not dispute, that Appellant made a timely demand for speedy disposition of untried indictments as

described in R.C. 2941.401. It is also evident that there are more than 180 days between the date Appellant made his request for speedy disposition of untried indictments and the date of trial. Appellant's notice was delivered on July 12, 2007, and trial took place on June 18, 2008. The state contends that Appellant failed to assert a speedy trial violation prior to trial, thus waiving any error, and that there were tolling events attributable to Appellant that should be deducted from the speedy trial calculation.

{13} Appellee is correct that a defendant must raise a R.C. 2941.401 speedy trial objection prior to trial and cannot raise the issue for the first time on appeal. *State v. Howard* (1992), 79 Ohio App.3d 705, 708, 607 N.E.2d 1121; *State v. Schmuck*, 3d Dist. No.6-08-13, 2009-Ohio-546, ¶14-15. Failure to raise defenses or objections that must be raised prior to trial constitutes a waiver of those defenses or objections. Crim.R. 12(H). "[T]he failure to raise the question of such a violation denies the [state] the opportunity to establish that tolling of the statute occurred." *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶22. Although Appellant made a vague reference in passing to a speedy trial problem during sentencing, speedy trial objections must be made prior to trial rather than waiting until the sentencing hearing. *Schmuck* at ¶15.

{14} Further, Appellant signed a waiver of speedy trial rights that was valid until June 18, 2008, the day on which the trial actually commenced. The statutory right to a speedy trial may be waived by a defendant or by his counsel on the defendant's behalf. *State v. McRae* (1978), 55 Ohio St.2d 149, 152, 378 N.E.2d 476.

A defendant is bound by such a waiver. *State v. McBreen* (1978), 54 Ohio St.2d 315, 319, 376 N.E.2d 593.

**{15}** Finally, the court brought the case to trial within 180 days if certain tolling events are taken into account. The tolling provisions of R.C. 2945.72 apply to the 180-day speedy trial time limit of R.C. 2941.401. *State v. Skorvanek*, 9th Dist. No. 08CA009400, 2010-Ohio-1079; *State v. Shepherd*, 11th Dist. No.2003-A-0028, 2006-Ohio-4315; *State v. Ray*, 2d Dist. No.2004-CA-64, 2005-Ohio-2771; *State v. Nero* (Apr. 4, 1990), 4th Dist. No. 1392. The speedy trial clock is tolled when the defendant is unavailable for hearing. R.C. 2945.72(A). The speedy trial clock is also tolled by any motion, proceeding or action of the accused that necessitates a delay. R.C. 2945.72(E). Although it is not necessary to rely on tolling provisions to overrule Appellant's assignment of error due to the fact that Appellant has waived any speedy trial error, it is obvious from the record that numerous tolling events occurred that are attributable to him. Almost a month was spent in locating and transporting Appellant from the Lorain Correctional Facility for arraignment. Appellant filed motions for discovery and for a bill of particulars, which the state needed time to answer. Appellant filed a motion to suppress on September 28, 2007, and the motion was ultimately overruled on March 27, 2008. These events tolled the speedy trial clock by over seven months, and Appellant was brought to trial well within the 180-day time period after taking these tolling events into account.

**{16}** In conclusion, Appellant has not established that any reversible error occurred with respect to his claim of a speedy trial error. Appellant failed to raise a

speedy trial objection prior to trial, thus waiving the error on appeal. The record reveals that he also signed a waiver of speedy trial. Finally, even if he had timely raised a speedy trial objection, the record reflects a number of events that tolled the speedy trial clock and brought the trial date within the 180-day time period allowed by R.C. 2941.401. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.