[Cite as *State v. Davis*, 2026-Ohio-614.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-07-020 |
| vs. | : | OPINION AND JUDGMENT ENTRY 2/23/2026 |
| ZACHARY DAVIS, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240176

Jess C. Weade, Fayette County Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**O P I N I O N**

**M. POWELL, J.**

{¶ 1} Appellant, Zachary Davis, appeals his conviction in the Fayette County Court of Common Pleas for receiving stolen property following a no-contest plea.

{¶ 2} On September 27, 2024, appellant was indicted by the Fayette County Grand Jury on one count of engaging in a pattern of corrupt activity and three counts of

receiving stolen property, all felonies. At the time of the indictment, appellant was already incarcerated at the Chillicothe Correctional Institution ("CCI") on another case. On October 9, 2024, appellant signed and gave to CCI's warden a written notice of the place of his imprisonment and a request for a final disposition of the Fayette County Indictment (the "Indictment") pursuant to R.C. 2941.401. The written notice and request was received by the Fayette County Clerk of Courts on October 15, 2024. An arraignment was scheduled for November 18, 2024.

{¶ 3} On November 8, 2024, the trial court issued an order to the Fayette County Sheriff to convey appellant from CCI to Fayette County for his arraignment. The convey order was returned marked, "No transport." On November 19, 2024, the trial court issued an entry stating that appellant was not available to be transported from CCI because he was in Jackson County, Ohio on an unrelated case. The arraignment was continued to December 16, 2024.

{¶ 4} On December 10, 2024, the trial court issued an order to the Fayette County Sheriff to convey appellant from CCI to Fayette County for his December 16, 2024 arraignment. The convey order was returned marked, "No transport." Nonetheless, a hearing was held on December 19, 2024, during which appellant participated from Jackson County via Zoom. Following the hearing, the trial court issued an entry stating that appellant was unavailable to be transported from CCI because he was still in Jackson County, and reflecting his participation in the hearing via Zoom. Based upon appellant's statements during the Zoom hearing, the entry further stated that although appellant was aware of the Indictment, he had not yet been served with it, and therefore, the arraignment would be continued until appellant was served with the Indictment. On February 24, 2025, a return of service of a summons and indictment was filed indicating that appellant had been personally served with the summons and Indictment on February 3, 2025.

- 2 -

{¶ 5} On February 25, 2025, the trial court issued an order to the Fayette County Sheriff to transport appellant from the Jackson County Jail to Fayette County for his March 3, 2025 arraignment. That same day, the trial court issued an order to the Fayette County Sheriff to transport appellant from CCI to Fayette County for his March 3, 2025 arraignment. Both convey orders were returned marked, "unable to obtain access to Mr. Davis." On March 4, 2025, the trial court issued an entry stating that appellant was still in Jackson County on an unrelated case and was not permitted to be transported for hearing. The arraignment was continued to April 7, 2025.

{¶ 6} On April 3, 2025, the trial court issued an order to the Fayette County Sheriff to transport appellant from CCI to Fayette County for his April 7, 2025 arraignment. On April 7, 2025, appellant was finally transported to Fayette County where he was arraigned and entered a not guilty plea. The trial court appointed counsel to represent appellant.

{¶ 7} On April 8, 2025, appellant requested discovery from the State. On April 25, 2025, the State responded to appellant's discovery request and requested reciprocal discovery from appellant. Appellant never responded to the State's discovery request. On May 30, 2025, defense counsel moved to continue the jury trial set for June 11, 2025, on the ground counsel was unavailable on that date. On June 2, 2025, appellant and his counsel attended the formal pretrial hearing.

{¶ 8} On June 3, 2025, appellant moved to dismiss the Indictment, arguing that he had not been tried within 180 days of his request for a final disposition of the Indictment in violation of R.C. 2941.401. Following a hearing on the motion, the trial court denied appellant's motion to dismiss on June 6, 2025. The trial court detailed the court's and the State's many efforts to obtain appellant's appearance, and determined that the 180-day speedy-trial time was tolled by several events. Specifically, the trial court found that the time for trial was tolled (1) by appellant's unavailability for hearing or trial from the

- 3 -

November 18, 2024 scheduled arraignment to his arraignment on April 7, 2025, and (2) from appellant's April 8, 2025 discovery request through the present as appellant had never responded to the State's April 25, 2025 request for reciprocal discovery.

{¶ 9} On June 30, 2025, appellant entered a no-contest plea to one count of fourth-degree felony receiving stolen property and one count of fifth-degree felony receiving stolen property, and the remaining two counts were dismissed. The trial court subsequently found appellant guilty and sentenced him to 12 months in prison on each count, to be served consecutively.

{¶ 10} Appellant now appeals, raising one assignment of error:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT HIS STATUTORY RIGHTS TO A SPEEDY TRIAL UNDER R.C. 2941.401.

{¶ 11} Appellant argues that the trial court erred in denying his motion to dismiss because the State violated his statutory right to a speedy trial by failing to bring him to trial within the requisite 180-day time limit under R.C. 2941.401.

**Standard of Review**

{¶ 12} Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. Murphy,* 2007-Ohio-2068, ¶ 11 (12th Dist.). A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. *Id.*

**Right to a Speedy Trial**

{¶ 13} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. *State v. Baker*, 1997-Ohio-229, ¶ 8. Ohio has two speedy-trial statutes, R.C. 2945.71 and 2941.401. Ohio's general speedy-trial statute, R.C. 2945.71, applies to most cases and requires the State to bring a person charged

- 4 -

with a felony to trial within 270 days after the person's arrest. *See* R.C. 2945.71(C)(2). However, R.C. 2941.401 applies when that person is already incarcerated and the pending charges are for crimes separate from those for which he or she is currently imprisoned. Once a defendant demonstrates he was not brought to trial within the permissible time period, the accused presents a prima facie case for dismissal based on a speedy-trial violation. *State v. McKinney*, 2021-Ohio-3870, ¶ 14 (12th Dist.). The burden then shifts to the State to prove that time was sufficiently tolled and that the speedy-trial time period extended. *Id.*

{¶ 14} Because appellant was already incarcerated at CCI at the time he was indicted in the case at bar, R.C. 2941.401 applies. The statute provides, in relevant part, that

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance.

{¶ 15} R.C. 2941.401 further provides, "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

### Start of the Speedy-Trial Clock under R.C. 2941.401

{¶ 16} R.C. 2941.401 requires an imprisoned defendant to be brought to trial within

180 days after the defendant "causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter." Thus, it is the imprisoned defendant who triggers the commencement of the 180-day speedy-trial time under R.C. 2941.401. *Murphy*, 2007-Ohio-2068, at ¶ 14 (12th Dist.). "A prisoner satisfies the 'causes to be delivered' requirement in R.C. 2941.401," and therefore starts the 180-day speedy-trial clock "by providing written notice of the place of his imprisonment and a request for final disposition to the warden of the institution where he is incarcerated," "even if the warden fails to deliver the notice and request to the prosecuting attorney or the appropriate court." *State v. Williams*, 2023-Ohio-3647, ¶ 1, 18.

{¶ 17} The trial court construed appellant's motion to dismiss "as a violation of R.C. 2941.401 which sets forth a 180-day time limit from the time that a Notice of Untried Indictments is received." This suggests a determination by the trial court that the 180-day clock started on October 15, 2024, when appellant's written notice of the place of his imprisonment and a request for final disposition of the Indictment was received by the Fayette County Clerk of Courts. However, as stated above, appellant provided the written notice and request for final disposition to CCI's warden on October 9, 2024. In light of *Williams*, the 180-day speedy-trial time began to run on October 9, 2024, and the trial court erred in finding otherwise.

**Tolling Events**

{¶ 18} Several Ohio appellate courts, including this court, have held that the tolling provisions of R.C. 2945.72 apply to the 180-day speedy-trial time limit of R.C. 2941.401. *Murphy*, 2007-Ohio-2068, at ¶ 15 (12th Dist.); *accord State v. Taylor*, 2011-Ohio-1001 (7th Dist.); *State v. Ray*, 2005-Ohio-2771 (2d Dist.); *State v. Colon*, 2010-Ohio-2326 (5th

Dist.). As pertinent here, R.C. 2945.72 provides that

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
>
> **(A)** Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against the accused, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure availability of the accused;
>
> . . .
>
> **(E)** Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> . . .
>
> **(H)** The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

### Application to the Case at Bar

{¶ 19} Appellant states that 237 days elapsed between October 9, 2024, when he delivered his notice and request to CCI's warden, and June 3, 2025, when he moved to dismiss the Indictment. Appellant thus asserts that the total number of elapsed days chargeable to the State is 237 days, well outside the 180-day speedy-trial time limit. The trial court found that the following events tolled the 180-day speedy-trial time limit: (1) appellant's unavailability for hearing or trial–*see* R.C. 2945.72(A), and (2) his discovery request and failure to respond to the State's reciprocal discovery request–*see* R.C. 2945.72(E). On appeal, appellant agrees that R.C. 2945.72(E) applies; he does not address the applicability of R.C. 2945.72(A) or his unavailability for hearing or trial as a tolling event; and he asserts that R.C. 2945.72(H), which governs continuances, does not apply here.

- 7 -

{¶ 20} Under R.C. 2945.72(E), any motion filed by the accused necessitating a period of delay tolls the speedy trial time. *Murphy*, 2007-Ohio-2068, at ¶ 16 (12th Dist.). Appellant filed a discovery request on April 8, 2025. On April 25, 2025, the State responded to appellant's discovery request and requested reciprocal discovery. Appellant never responded to the State's discovery request. The time was therefore tolled from April 8, 2025, until appellant's filing of his motion to dismiss the Indictment on June 3, 2025, for a total of 56 days. *See Colon*, 2010-Ohio-2326, at ¶ 32-38 (5th Dist.), and *Murphy* at ¶ 16.

{¶ 21} Although appellant does not address it, the 180-day speedy-trial time limit of R.C. 2941.401 is also tolled under R.C. 2945.72(A) when the defendant is unavailable for hearing or trial. *Taylor*, 2011-Ohio-1001, at ¶ 15 (7th Dist.); *Ray*, 2005-Ohio-2771, at ¶ 29-30 (2d Dist.). The record supports the trial court's finding that the State–and the court–made good faith, diligent efforts to secure appellant's appearance for arraignment. Therefore, the trial court properly held that the time was tolled from November 18, 2024, the day appellant was unavailable for the originally scheduled arraignment, to April 7, 2025, when appellant was finally arraigned, for a total of 140 days.

{¶ 22} These tolling events add up to 196 days, leaving the number of elapsed days chargeable to the State at 41 days, well below the 180-day speedy-trial time limit. In other words, the delays occasioned by appellant's discovery motion, his failure to respond to the State's discovery motion, and his unavailability for arraignment, when counted against him, bring the case within the 180-day speedy-trial limit. Therefore, the trial court properly denied appellant's motion to dismiss the Indictment.[1]

---

1. Were we to calculate the number of days that elapsed from the time appellant delivered his notice and request to CCI's warden on October 9, 2024, to the time of his no contest plea (rather than his earlier motion to dismiss), we would likewise find that the trial court properly denied appellant's motion to dismiss the Indictment. Under R.C. 2941.401, appellant was required to be brought to trial within 180 days of October 9, 2024. Absent any tolling of speedy-trial time, the 180-day period would have lapsed on April 7, 2025.

**Whether R.C. 2945.72(H) Continuances are Applicable to R.C. 2941.401**

{¶ 23} Although the trial court did not consider its continuances of appellant's arraignment in denying appellant's motion to dismiss, appellant argues that the continuances do not apply as tolling events because (1) they did not comply with R.C. 2941.401 in that neither appellant nor his counsel were present when the matter was continued on three separate occasions, and (2) R.C. 2945.72 and 2941.401 are irreconcilable and therefore, R.C. 2941.401 applies over R.C. 2945.72(H) as to continuances.

{¶ 24} R.C. 2941.401 requires the State to bring a prisoner to trial within 180 days of the prisoner's written notice and request for final disposition, "except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance."

{¶ 25} In an attempt to secure appellant's appearance for his arraignment, the trial court continued the arraignment hearing on November 19, 2024, December 19, 2024, and March 4, 2025. The record shows that appellant was not represented by counsel until April 7, 2025, and that he was not present when the matter was continued on March 4, 2025. The record indicates that appellant was likely not present when the matter was continued on November 19, 2024. Contrary to his assertion however, appellant was present when the matter was continued on December 19, 2024, as he appeared via Zoom and engaged in a colloquy with the trial court. There is nothing in R.C. 2941.401 requiring a prisoner to appear in court personally as opposed to remotely. As a tolling event, the December 19, 2024 continuance therefore tolled the speedy-trial time from December 19,

---

Appellant's no contest plea was entered on June 30, 2025, which was 84 days after the 180-day period. However, the speedy-trial time was tolled by appellant's unavailability for hearing for a total of 140 days and by his discovery request and failure to respond to the State's discovery request for a total of 83 days. These tolling events add up to 223 days, which exceeds the 84-day delay past the speedy-trial deadline.

2024, until the March 3, 2025 rescheduled arraignment, for a total of 56 days. We note that these 56 days are included in the 140 days appellant was unavailable for hearing or trial.

{¶ 26} Appellant also argues that R.C. 2945.72 and 2941.401 are irreconcilable because R.C. 2941.401 includes the "extra qualifications of being only in open court and with the [prisoner] or his counsel being present," and therefore, R.C. 2941.401 applies over R.C. 2945.72(H) regarding continuances.

{¶ 27} Appellant bases his argument on R.C. 1.51, which provides, "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶ 28} "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 1996-Ohio-413, ¶ 10. R.C. 1.51 applies only in instances where the general and special provisions are in irreconcilable conflict. *State v. Cain*, 2024-Ohio-2969, ¶ 17 (12th Dist.). Absent an irreconcilable conflict, "the statutory construction rule in R.C. 1.51 does not apply" and "special and general provisions should be construed so as to give effect to both provisions." *State v. Knox*, 102 Ohio App.3d 147, 149 (9th Dist. 1995); *Mechanical Contractors Assn. v. State*, 64 Ohio St.2d 192, 196 (1980).

{¶ 29} At the outset, we note that although appellant concedes that R.C. 2945.72(E) applies here, he nonetheless challenges the applicability as a general principle of R.C. 2945.72(H). Either R.C. 2945.72 is applicable to cases that involve R.C. 2941.401—as found by several Ohio appellate courts—or it is not. Several Ohio courts

have generally held that

> R.C. 2945.71 does not specifically state that the tolling provisions therein are applicable to R.C. 2941.401. However, R.C. 2941.401 states, in pertinent part, "except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance." The General Assembly, in enacting R.C. 2945.72, has legislated what are reasonable continuances. We therefore conclude that the factors set forth in R.C. 2945.72 are applicable to R.C. 2941.401.

*State v. Ervin*, 2021-Ohio-47, ¶ 20 (4th Dist.); *see also State v. Smith*, 140 Ohio App.3d 81, 2000-Ohio-1777 (3d Dist.); *Colon*, 2010-Ohio-2326 (5th Dist.). Moreover, in discussing why the R.C. 2945.72 tolling provisions should apply to cases involving R.C. 2941.401, the Second District Court of Appeals aptly held that

> the factors set forth in R.C. 2945.72, including, specifically, periods of time during which an accused is unavailable for hearing or trial, by reason of other criminal proceedings against her, provided that the prosecution exercises reasonable diligence to secure her availability, apply equally to the tolling of the speedy trial time prescribed by R.C. 2941.401. . . . If these periods of time were not tolled, an accused incarcerated upon other charges could demand to be brought to trial within 180 days, insist upon representing herself, without an attorney, and it might be virtually impossible to secure her attendance for arraignment or trial within time, despite diligent efforts by the prosecution. Nor could a continuance be granted for good cause shown in open court with the prisoner or her attorney present, because the prisoner's attendance could not be secured, and she has insisted upon her right to represent herself.

*Ray*, 2005-Ohio-2771, at ¶ 29 (2nd Dist.).

{¶ 30} R.C. 2945.72(H) and 2941.401 are not in irreconcilable conflict as to invoke the application of R.C. 1.51. R.C. 2941.401 provides a timeline and R.C. 2945.72 prescribes how the timeline can be extended. While R.C. 2941.401 provides that a court may grant continuances, the statute contains no language prohibiting the application of the tolling events set forth in R.C. 2945.72, including continuances. *See State v. Roberts*,

- 11 -

2004-Ohio-5509, ¶ 11 (6th Dist.). Likewise, although R.C. 2945.71(F) provides that R.C. 2945.71 "shall not be construed to modify in any way [R.C.] 2941.401," there is no similar or identical language in R.C. 2945.72. Had the legislature intended to prohibit the application of R.C. 2945.72 to cases involving R.C. 2941.401, it could have done so. That a prohibition exists in R.C. 2945.71 further bolsters our holding.

{¶ 31} In light of the foregoing, we find that appellant's right to a speedy trial pursuant to R.C. 2941.401 was not violated, and the trial court therefore did not err in denying appellant's motion to dismiss the Indictment. Appellant's assignment of error is overruled.

{¶ 32} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

_____
Matthew R. Byrne, Presiding Judge

_____
Robert A. Hendrickson, Judge

_____
Mike Powell, Judge

- 12 -